## THOMSON vs. INVESTORS' GUARANTY CO.

(No. 1130, April 29th, 1924; 225 Pac. 596.)

LANDLORD AND TENANT—DAMAGES FOR REFUSAL TO ADJUST RENTAL—APPEAL AND ERROR—INTEREST.

1. Court's finding as to cash rental value due lessor as damages for refusal of lessee's assignee to readjust rental as agreed *held* sustained by testimony.
2. Defendant who took an assignment of lease and refused to readjust rental as agreed *held* liable on cancellation of lease for such refusal, for reasonable value of use and occupation of premises only from time of taking possession.

3. Court's wrong computation of amount due plaintiff will not be disturbed on appeal, where defendant did not complain.

4. Failure to allow interest on rental value recovered by lessor, as damages for lessee's refusal to readjust rental as required by lease, *held* not ground for reversal; amount of judgment being large enough to cover interest allowable under any theory.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by Eugene T. Thomson against the Investors' Guaranty Corporation, for the cancellation of a lease and recovery of damages. From a judgment for plaintiff in an unsatisfactory amount he appeals. See also 31 Wyo. 264, 225 Pac. 590.

*O. N. Gibson* for appellant.

There was no substantial evidence warranting a judgment for plaintiff for less than $1680.00 the amount prayed for, with interest at 8% per annum from the date payment had been withheld; under the evidence lessee was liable for the reasonable value of the use of the premises, 23 Cyc. 1169; 39 Cyc. 870; Hissler v. Stose, 131 Ill. 393; Toby Co. v. Rowe, 18 Ill. App. 293; appellant was entitled to recover rental value of the premises irrespective of rents actually received by respondent, 19 C. J. 1042, although some authorities support the rule allowing lessee amount actually received for the use of the premises, Lawrence v. Rector, 137 U. S. 139; plaintiff was entitled to interest on rentals from the close of the rental year, 4133 Comp. Stats., Kuhn v. McKay, 7 Wyo. 42; 22 Cyc. 1514; 19 C. J. 1243; Rawlins v. Murphy, 19 Wyo. 238; Irri. Co. v. LaPorte, 26 Wyo. 260; the rentals were paid in crops the market value of which was easily ascertainable, thus fixing a basis of recovery as well as interest thereon; the evidence shows no facts justifying denials of interest claimed by plaintiff.

*E. H. Fourt* for respondent.

The Supreme Court will not consider the weight of the evidence or vacate a judgment on conflicting evidence, Bank v. Dayton, 1 Wyo. 336; Ketchum v. Davis, 3 Wyo. 164; Marshall v. Rugg, (Wyo.) 44 Pac. 700; Bissinger Co. v Weiss, (Wyo.) 195 Pac. 527; Hunt v. Laramie (Wyo.) 181 Pac. 137; Riordan v. Horton, (Wyo.) 94 Pac. 448; Columbia Co. v. Duchess Co., (Wyo.) 79 Pac. 383; Kimball Co. v. Payne (Wyo.) 64 Pac. 673; Conway v. Co., (Wyo.) 46 Pac. 1084; Jackson v. Mull (Wyo.) 42 Pac. 602; in the case at bar the evidence was disputed as to the rental value; the evidence shows that the amount of rental found below was tendered to plaintiff prior to suit; this stopped the running of interest, Graves v. Burch (Wyo.) 181 Pac. 354.

BLUME, Justice.

This action arises out of a lease made in 1908, for 20 years, by some Indians, with the approval of the Government of the United States, to the Arapahoe Trading Company, for 80 acres of land in Fremont County. The lease contains a provision that the rate of rental should be subject to readjustment at the beginning of each five year period. The lease was subsequently assigned to various intermediary parties, until, in 1919, it came into the possession of the defendant, the Investors Guaranty Corporation. In the meantime, Eugene T. Thomson became the owner of the land, who in the fall of 1918 and early part of 1919, attempted to get a readjustment of the rental, which was re fused by William Wilk, the assignor of the defendant. Thereupon said Thomson, plaintiff, brought an action to cancel the lease, and for damages, that is to say, the reason able rental value of the property for the time that defendant occupied the land. The court cancelled the lease, and rendered judgment for plaintiff for $280. Plaintiff, being dissatisfied with the amount of the judgment, appeals. The contention made is that the judgment is contrary to, and not sustained by, the evidence.

To determine the question so raised, we have examined the record with care. Considerable conflict appears in the testimony. The greater number of witnesses testified that the cash rental value of the property did not exceed one dollar per acre, per annum, which is the amount allowed or apparently intended to be allowed, by the court, and is the same rental previously paid under the lease. Emil Lacey, one of plaintiff's own witnesses gave some of the most damaging testimony against plaintiff. He lived but a short distance from the land, was thoroughly acquainted with it, had rented similar land himself, for cash rent, and fixed the reasonable rental of the land in question at a maximum of a dollar per acre, per annum. No good purpose could be subserved in reviewing any more of the testimony. Suffice it to say that we think the court's finding, sustained by ample testimony. Counsel for appellant tries to determine the amount due his client from the value of the crops raised on said land in 1919 and 1920, but the value of a crop raised on land during a particularly fortunate year, does not, necessarily at least, determine the reasonable cash-rental value thereof.

Counsel for appellant also complain that the court failed to allow interest on the rental. It was stipulated on the trial, between the parties, that the defendant had tendered the rentals according to the provisions of the lease above mentioned, as they fell due. The plaintiff refused to accept the amounts tendered because he deemed them insufficient. From statements in the judgment, the court apparently refused to allow interest, evidently because of such tender. Nevertheless the judgment is large enough, so as to cover interest. The court found specifically that the rental value, as reserved in the lease, was the reasonable rental value of the premises to March 29, 1922. The rental value reserved in the lease is $80.00 per annum for all of the land. The plaintiff wholly failed to show since what time the rental had not been paid, or when defendant went into possession of the land, except that the petition and answer together

show that defendant had such possession on September 6, 1919. Defendant would, of course, be liable for the reasonable value for the use and occupation of said premises only from the time it took possession. In February 1919, plaintiff was still dealing with Wilk, the assignor of defendant. There is not the slightest evidence in the record to justify the court to hold the defendant liable for rental for any period prior to the current rental period of which September 6, 1919, was a part; that is to say, prior to April 1, 1919. The judgment herein was entered March 29, 1922, and, hence defendant could be held liable, at most for the rental value of said land for a period of three years; this, at the rate of $80.00 per annum, would be $240.00, instead of $280.00, the total amount which the court allowed. It may be that the court made a wrong computation; but inasmuch as defendant does not complain thereof, we shall not disturb it. The extra amount, however, would more than cover the interest that could be allowed under any theory.

The judgment of the lower court is accordingly affirmed.

POTTER, Ch. J., and District Judge WM. A. RINER, the latter sitting in place of Kimball, J., concur.

NOTE—See 3 C. J. p. 880; 4 C. J. p. 1061; 35 C. J. p. 97; 24 Cyc. p. 1180.